UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GEORGE BERKA, | ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Plaintiff, |  |
| v. |  | Case No. 17-cv-02836 (APM) |
| U.S. NUCLEAR REGULATORY COMMISSION, |  |
| Defendant. |  |

## MEMORANDUM OPINION

I.

Plaintiff George Berka petitioned Defendant U.S. Nuclear Regulatory Commission to amend its regulation governing the termination of nuclear power plant licenses, 10 C.F.R. § 52.110(b), to allow formerly operating plants to more easily re-open. *See* Compl., ECF No. 1 [hereinafter Compl.]. After Defendant rejected his petition, *see* Def.'s Mot. to Dismiss, ECF No. 9 [hereinafter Def.'s Mot.], Ex. 4, Plaintiff challenged that decision in this court, *see* Compl.

In its motion to dismiss, Defendant argues that the Court of Appeals has exclusive jurisdiction to hear this matter. *See* Def.'s Mot. at 5–8. It also seeks dismissal of the case—as opposed to a transfer to the Court of Appeals—because Plaintiff was untimely in filing suit. *Id.* at 8–10. The court agrees with Defendant, ruling that the Court of Appeals has exclusive jurisdiction and dismissing the case for untimeliness.

II.

The Court of Appeals has exclusive jurisdiction over this matter. Under 28 U.S.C. § 2342, "[t]he court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the Atomic Energy Commission made

reviewable by section 2239 of title 42." 28 U.S.C. § 2342(4) (2006). A piece-by-piece application of this provision makes clear that it governs Plaintiff's case. First, Defendant's denial of Plaintiff's petition for rulemaking is a final order. *See Gage v. Atomic Energy Comm'n*, 479 F.2d 1214, 1222 n.27 (D.C. Cir. 1973). Second, Defendant substitutes for its predecessor, the Atomic Energy Commission. *See Nat. Res. Def. Council, Inc. v. U.S. NRC*, 606 F.2d 1261, 1265 n.9 (D.C. Cir. 1979). Third, Defendant's rejection of Plaintiff's petition to amend the regulation governing nuclear plant license terminations is judicially reviewable under 42 U.S.C. § 2239, which governs "any proceeding for the issuance or modification of rules and regulations dealing with the activities of licensees." 42 U.S.C. § 2239(a)(1)(A) (1996). Accordingly, the Court of Appeals has exclusive jurisdiction. Other courts, when faced with a similar case, have reached the same conclusion. *See Ohio Edison Co. v. Zech*, 701 F. Supp. 4, 6 (D.D.C. 1988); *Cent. for Nuclear Responsibility, Inc. v. U.S. NRC*, 586 F. Supp. 579, 580–81 (D.D.C. 1984); *see also Gage*, 479 F.2d at 1222 n.27 (advising petitioners to petition for rulemaking and notifying them that a denial of such petition "would constitute a final order reviewable by this court").

### III.

Instead of transferring the case to the Court of Appeals, the court dismisses the case for untimeliness. Under 28 U.S.C. § 2344, a plaintiff must file a challenge to a final order issued by the Nuclear Regulatory Commission within 60 days. 28 U.S.C. § 2344 (1966); *see also Nat. Res. Def. Council v. NRC*, 666 F.2d 595, 602 (D.C. Cir. 1981). Here, Defendant issued its final order on June 19, 2015, when it notified Plaintiff that his petition would not be docketed because the petition did not satisfy the agency's regulations. *See* Def.'s Mot., Ex. 4. Plaintiff challenged that decision in this court on December 18, 2017, nearly two-and-a-half years later.

In opposition, Plaintiff argues that Defendant should have "advised him that he had the option to appeal its decision to the U.S. Court of Appeals," and provided instructions accordingly.

Pl.'s Opp'n, ECF No. 11, at 1. Plaintiff does not cite any legal authority for this argument, and the court could not find any legal authority for such an obligation. The argument, therefore, does not alter the court's decision, and the case is untimely.

IV.

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 9, is granted with prejudice for lack of jurisdiction.

A separate, final order accompanies this Memorandum Opinion.

Dated: December 19, 2018

Amit P. Mehta
United States District Judge